Number 182053, United States v. Jose A. Tirado-Nieves. Mr. Tirado. Oh, Mr. Tirado. Good morning, Your Honor. I am Candice Pimentel. I am counsel for appellant Mr. Jose Tirado-Nieves. If I may reserve two minutes for rebuttal, Your Honor. In this case, after specifically declining to find by preponderance of the evidence that the firearms were possessed in connection with the drug trafficking offense, the district court mistakenly applied the mere proximity standard to enhance Mr. Tirado's offense level under Guideline 2K2.1, when the record only shows inside a bedroom possession of a single small baggie of marijuana and some common household items, all with insignificant value. This mistake resulted in a guideline sentencing range of about two years higher than the applicable range without enhancement. This is no harmless procedural error. The case law is clear that mere proximity of the firearms with simple possession of controlled substances or even drug paraphernalia is not enough to trigger the enhancement application. Let me ask you something. Was it the home of your client where they found the machine gun? Yes, Your Honor. Why isn't that enough? The guidelines was amended in 2006 to specifically address the issue that the district courts were confronting, that firearms had been used in close proximity of controlled substances, simple possession of controlled substances, and the district courts in some cases were finding that that was enough to apply the enhancement, and other district courts were finding that it wasn't enough. In 2006, the sentencing commission decided to amend the guidelines commentary to specifically address that issue, and the sentencing commission adopted the inferiority of or in connection with the standard applied in 924C cases. So there must be a nexus between the controlled substance found and the firearms. And there must be a concrete finding by the district court that the firearm facilitated or had the potential to facilitate the possession of controlled substance. The guideline expressly states that when there is a finding by preponderance of the evidence that the defendant might have been engaged in drug dealing, mere proximity is enough to apply the enhancement. However, when there is other offense that is not drug dealing, such as simple possession of controlled substance or drug paraphernalia, as in this case, mere proximity is not enough. There must be a finding, a concrete finding, that the firearm facilitated or had the potential to facilitate that controlled substance found. Counsel, the court seems to have made an explicit finding that the court says explicitly that the illegal possession or the possession of paraphernalia is a state offense as well. So in order to apply the enhancement, the conducted issue doesn't have to be drug trafficking. The enhancement applies for possessing a firearm in connection with another felony offense. Can't we read the district court as to be saying that that other felony offense is the illegal possession or the possession of paraphernalia? Didn't the district court make that finding? The district court made that finding, and Mr. Tirado is now disputing that finding. What Mr. Tirado is disputing is the legal conclusion that the enhancement applies because he had firearms and also was in possession of drug paraphernalia, because mere proximity does not support the application of the enhancement if there is not a finding of drug dealing on the record supporting that finding. There is a distinction in the guideline that was specifically addressed with the Sentencing Commission amendment in 2016. First, the enhancement applies. There are two standards. When there is a finding of drug dealing possessed in connection with firearms, and when there is other offenses, such as in this case simple possession or drug paraphernalia or any other offense, and there are firearms. When there is a drug dealing, which this is not the case of Mr. Tirado because the district court specifically rejected that finding, mere proximity raises an inference that the firearms facilitated the possession of controlled substance. When there is no drug dealing finding in the case, mere proximity is not enough. It doesn't show an excess. It's the same as if we were before an I-24C case where there must be an excess, a finding, just possessing controlled substances and firearms at the same time. A casual possession, a simultaneous possession, is not enough. And that is expressly stated in the guidelines. And it has been this court's finding in the cases it has had before dealing with the application of the guidelines. For instance, in the case of Paneto, which is, I believe, a 2011 case, the district court made a finding of simple possession and drug trafficking by preponderance of the evidence. And the defendant had pled guilty to an I-22G offense only. This court, when reviewing the district court application of enhancement, stated that it would focus on the district court finding of drug dealing. Because otherwise, if you would have looked into the district court finding of simple possession to review the application of enhancement, the standard would be different. Because, and I quote, the critical part of the commentary of the guidelines, as stated by this circuit court, focus on mere proximity when there is a finding of drug trafficking crime. Otherwise, the district court must make a finding on how possessing this firearm facilitated the possession of a single baggie of marijuana, as in this case. So are you requesting a remand? We're requesting a remand for resentencing without the enhancement, Your Honor. In this case, the government argued that enhancement applied because Mr. Tirado, the factual scenario, justified a finding of drug dealing. All right, we understand the court rejected that. Yes. That the finding was somehow possession in connection with another felony, which was drug paraphernalia. The hole that seems to be missing here is the judge didn't make a specific finding as to how possession of the weapon facilitated possession of the drug paraphernalia. Yes. That's why I want to know, Remy, you're saying that we should remand it and bar the government from allowing the court to fill in the hole. That's correct, Your Honor. And why is that? In this case, the government had ample opportunity to convince the district court of the factual basis, if I may finish. You may finish. To bring before the district court the factual basis to make that connection. And the government just limited itself to arguing that there was drug trafficking. The government had a full file a sentencing memo providing factual basis for the district court to make drug trafficking finding or any other finding to let the record reflect the nexus between the firearms and that other offense. And they failed to do that. As this circuit court had stated before, the government should not have a second bite to the same apple. They filed a sentencing memo. They have a full sentencing hearing to develop the record. And they shouldn't be allowed now to develop the record to make the enhancement applicable. Thank you. Good morning, Ms. Meconiatis. Good morning. May it please the court, Julia Meconiatis for the government. The district court's application of the four-level enhancement for Mr. Tirado's possession of his firearms in furtherance of another felony offense was proper. Well, could you start at the end? The court rejected a finding of drug trafficking. Well, Your Honor, admittedly, yes. And the court specifically focused on the state felony of possession of the drug paraphernalia. Admittedly, Your Honor, the sentencing transcript is unclear. When we look at what transpired during the sentencing transcript. It looked pretty clear. I mean, I don't find drug trafficking. That seems to be pretty unambiguous. Well, Your Honor, we would disagree to the extent if we look at the totality of the circumstances what happened. In the beginning of the hearing, the government argues, as did the probation officer, that the items that were found were indicative of drug trafficking. And the district court accepts that in the beginning. She said, it's my time to rule. And those are clearly related. So the four points stand. At that point, defense counsel makes his argument that these are common items that are found in a kitchen. That they could be innocuous. That they don't have anything to do with drug trafficking. And the district court continues. And she said, eight inactive phones. A single-edged razor. Usually you don't need to be a rocket scientist to know that this is to cut cocaine. To cut power. Powder. Then you have the colander. The baking soda. The tape. The individually marked Ziploc bags. And she said, everything in itself could be innocent. But taking it together, it's indicative of more than a finding of mere possession. Then she goes on to state, after looking at the guidelines. She goes on to, again, explain these items. And she said that they're found together in a bedroom of this defendant. And taking into consideration the amount of the items. The color-coded Ziplocs. The marijuana. The one-edged blades. They're more indicative of a commission of a state or federal offense. At that point, she talks about the possession of paraphernalia. And then she says, given the quantity and the type of the items. Those are indicative and related to, which we'll discuss why that is important in a moment. To another offense. After the discussion of other enhancements that are not relevant to the appeal. And after calculating the guideline range to include this four-point enhancement. The district court states again. In addition to that, we have the seizure of the cell phones. A black suitcase with a paraphernalia. She discusses the items again. And she calls them drug manufacturing materials. Items that are used to pack and set for distribution narcotics. Then here is the phrase at issue. I'm not making any sort of determination that this defendant was involved in drug trafficking. What's ambiguous about that? The nail in the coffin. Well, Your Honor, we would argue that, no. She's saying that maybe the defendant himself is not in drug trafficking. But these are drug trafficking materials. Well, that's the paraphernalia. The paraphernalia. That's consistent with the finding of possession. Felony possession of drug paraphernalia. Yes, Your Honor. But our brief said that there are three possible lines of affirmance. And we will get to them in turn. But the first one was that because United States and Goyner. This court's precedent says that you can affirm on any basis made manifest from the record. Yes, but we can't ignore a specific finding of this. We find that she clearly erred, and you're not arguing that. No, we don't argue that the court clearly erred. But other case law said recently, I believe, and I can add a 28-J because I think it was last week, that even if it was someone else that was drug trafficking, it upheld this same. It said that if it was somebody else's drug trafficking materials, that this enhancement would still be warranted. But moving on from that and getting to the possession of paraphernalia, again, that is another avenue of affirmance because we do have the state violation of possession of drug paraphernalia, which is Article 441B of the Puerto Rico Controlled Substance Offense. What are you pointing to in the record as an explanation of how the gun facilitated the court's finding? Yes, she stated on three different times in the record, which is noted in our brief, that the gun was clearly related to the possession of the paraphernalia. Now, that word is of utmost importance here because the guideline says that you don't need, that the firearm needs to facilitate or have the potential to facilitate the other drug, the other offense. And it finds that that facilitation is presumed if you have drug trafficking or burglary. If not, the court then must make a determination. But how does the gun facilitate the acquisition of baggies? No, it doesn't facilitate the acquisition of baggies, Your Honor. It facilitates the acquisition of paraphernalia. The possession of drug paraphernalia. How does it facilitate the acquisition of drug paraphernalia or the possession of drug paraphernalia? Because you're not using a gun to defend baggies. No, you're not, Your Honor. But the court specifically said that this paraphernalia is used for distribution. And guns that's used for distribution, any sort of gun that has to deal with distribution, even though the felony here, if we say that it's paraphernalia, the court made an explicit finding that this paraphernalia is not for the personal consumption, given its quantity and its type. She made the finding that this paraphernalia is used for distribution. Then maybe she, quite frankly, the most rational interpretation of this record, is split the baby. Okay, you don't want to say that it's drug trafficking. I'm not going to say that you're a drug trafficking, but we have drug trafficking paraphernalia, and I find that this gun is related to. And that statement related to is of utmost importance, because when we look at what the Sentencing Commission did with the amendment, with explaining that facilitation is presumed when you have drug trafficking or burglary, is it said that that's presumed. You don't need to make that finding because of these two. However, in this case, she went a step further, and she said it is related. And related, the commission used related in 924C when explaining how they want to talk about this connection. And they said relating means to facilitate or have the potential to facilitate. So when the district court in this instance said that I find that the possession of these guns were in relation to that felony, the possession of distribution of paraphernalia, that is for distribution. That's used to package and set narcotics for the market, not for personal use. She checked that box. So not only did she explain which felony it was, and she also made that connection. She wasn't relying on the presumption of drug trafficking, because she went ahead and stated that they're clearly related. Everything points to the commission of a related offense, and the weapons were possessed in relation to that offense. And that is on the addendum page 48. So even if we take the paraphernalia as the offense, she made the requisite finding that it facilitated or had the potential to facilitate. Don't we have to take that as the offense? There's no other offense that's identified. Isn't that correct? Well, at one point, the court does mention just mere possession, but then she continues just to discuss the possession of paraphernalia, and prior to giving that explanation, she discusses the paraphernalia. So that would be the most obvious one. Notwithstanding in our brief, we note that that's an open question in the circuit and point this court to three other circuits who have held that that's fine as long as there's a relation to finding, that it cannot be presumed like it is in the case of burglary or in the case of drug trafficking. If the court has no further questions, the government would rest on its brief. Thank you. Thank you. In this case, Your Honors, Mr. Tigado Nieves was never served on the street possessing drugs and firearms simultaneously. The value, it was a single, small baggie of marijuana. There's no controversy about the insignificant amount of drugs that was found in this case. It was found inside of a bedroom in his house. There was no need to provide protection to that insignificant amount of marijuana and the other common household items that were found and that are described as drug paraphernalia. So that shows the lack of nexus in this case between the firearms possessed and that second offense. Counsel, why doesn't the government says the related to finding provides the necessary nexus required by the guidelines? Why is that wrong? I submit to the court that when one's review this circuit court opinion in Paneto and the other circuit's court opinion upholding or reversing the application of the enhancement, one has to conclude that when the case is not of drug trafficking, the district court must make a concrete finding on how, explain itself, how the firearms facilitated or had the facility. So you're saying the court, instead of just saying related to, had to explain how it was related to? Is that your argument? Particularly in a case like this one, Your Honor, where the record neither shows that nexus. In this circuit court, in the case of Paneto, it said, and I quote, the key question is whether a sufficient nexus exists between the weapon and the additional felony. Does the type of weapon have anything to do with this? It doesn't show, the record doesn't reflect that the court considered the type of weapon. The court knew it was a machine gun. But it wasn't in the district court factors considered to conclude that the drug paraphernalia was facilitated or had by the possession of the firearms. I submit to the court that the drugs amount did not provide a nexus, that the place where the paraphernalia or the small bag of marijuana, a single small bag of marijuana was found, does not provide a nexus, that the personal characteristic of Mr. Tirado Nieves as a marijuana user and other drugs user with no prior arrest at all related to drug dealing provide that nexus. And the investigation in this case neither provides support to find a nexus under the circumstances that are on the record. I request that the sentence be vacated on the case of remanded for the sentence. Thank you.